[Cite as *In re B.P.*, 2015-Ohio-48.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

IN RE: B.P.

C.A. No.     14CA010531

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     13JD40526

DECISION AND JOURNAL ENTRY

Dated: January 12, 2015

BELFANCE, Judge.

{¶1}    B.P. was adjudicated a delinquent child by the Lorain County Court of Common Pleas, Juvenile Division.  For the reasons set forth below, we affirm.

I.

{¶2}    A complaint filed with the Juvenile Division of the Lorain County Court of Common Pleas contained allegations that B.P. was a delinquent child for committing acts which would be felonies if committed by an adult: robbery and aggravated burglary.  B.P. admitted the allegations in the complaint, and the juvenile court found B.P. to be a delinquent child.  It ordered B.P. to be committed to the custody of the Department of Youth Services for a minimum of one year for each charge and ordered that the commitments be served consecutively.

{¶3}    B.P. has appealed, raising two assignments of error for our review.

ASSIGNMENT OF ERROR 1

THE JUVENILE COURT ERRED WHEN IT FAILED TO MERGE [B.P]'S ADJUDICATIONS FOR AGGRAVATED BURGLARY AND ROBBERY, WHICH WERE ALLIED OFFENSES OF SIMILAR IMPORT.

{¶4} B.P. argues in his first assignment of error that his constitutional right to be free from double jeopardy was violated because the juvenile court did not merge his adjudications.

{¶5} Generally, the Double Jeopardy Clause protects "an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense." (Internal quotations and citations omitted.) *Missouri v. Hunter*, 459 U.S. 359, 365 (1983). Although juvenile delinquency proceedings are civil in nature, it is well established that the Double Jeopardy Clause of the Fifth Amendment applies to juvenile proceedings. *In re Cross,* 96 Ohio St.3d 328, 2002-Ohio-4183, ¶ 21, 23. As observed in *Cross*, "'decisions in recent years have recognized that there is a gap between the originally benign conception of the [juvenile-court] system and its realities. * * * [T]he court's response to that perception has been to make applicable in juvenile proceedings constitutional guarantees associated with traditional criminal prosecutions.'" *Id*. at ¶ 24, quoting *Breed v. Jones*, 421 U.S. 519, 528-529 (1975). Consequently, Double Jeopardy protections have arisen in a number of juvenile contexts. *See, e.g., In re Arnett*, 3d Dist. Hancock No. 5-04-20, 2004-Ohio-5766, ¶ 21 (A juvenile may not be retried based on allegations contained in a complaint following the dismissal of the complaint at an adjudicatory hearing.).

{¶6} B.P. admitted to being a delinquent child for committing acts that would be felonies if committed by an adult, and the juvenile court ordered he be committed to DYS for each act and that the commitments be served consecutively. On appeal, B.P. does not dispute that the juvenile court could order that his commitments be served consecutively. *See In re H.V.*,

138 Ohio St.3d 408, 2014-Ohio-812, ¶ 20. Instead, B.P. argues that his constitutional right against Double Jeopardy was violated. Because B.P. did not raise the constitutionality of multiple dispositions before the juvenile court, he has forfeited all but plain error on appeal. *See State v. Powell*, 9th Dist. Summit No. 26715, 2013-Ohio-5561, ¶ 9, citing *State v. Cross*, 9th Dist. Summit No. 25487, 2011-Ohio-3250, ¶ 41; *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus. However, B.P. has not developed any plain error argument on appeal, and we decline to create one for him. *See* App.R. 16(A)(7); *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998) (noting that it is not this Court's duty to create an appellant's argument).

{¶7} Accordingly, given the limited appellate argument presented by B.P., we overrule his first assignment of error.

### ASSIGNMENT OF ERROR II

TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO OBJECT TO [B.P.]'S ADJUDICATION FOR ALLIED OFFENSES OF SIMILAR IMPORT.

{¶8} In B.P.'s second assignment of error, he argues that his trial counsel was ineffective. Specifically, he argues that his counsel was deficient for not raising the issue of allied offenses at the adjudication proceeding and that, if counsel had raised the issue, the juvenile court would have merged his adjudications.

{¶9} In order to prevail on an ineffective assistance of counsel claim, a defendant "must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different." *State v. Mundt*, 115 Ohio St.3d 22, 2007-Ohio-4836, ¶ 62, citing *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984).

**{¶10}** However, B.P. does not develop any argument in support of this assignment of error beyond the bare assertions that his counsel was deficient for not raising the issue of merger or that the juvenile court would have merged his adjudications had his counsel raised the issue. *See* App.R. 16(A)(7); *Cardone*, 1998 WL 224934, at *8. In light of B.P. merely setting forth conclusory statements, his second assignment of error is overruled.

## III.

**{¶11}** B.P.'s assignments of error are overruled, and the judgment of the Lorain County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

―――――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.


APPEARANCES:

SHERYL TRZASKA, Assistant State Public Defender, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and AMY L. PRICE, Assistant Prosecuting Attorney, for Appellee.