[Cite as *Pietrangelo v. Lorain Cty. Printing & Publishing Co.*, 2017-Ohio-8783.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| JAMES E. PIETRANGELO, II | C.A. No. 16CA010929 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| THE LORAIN CTY. PR. & PUB. CO., et al. | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | CASE No. 15CV185706 |

DECISION AND JOURNAL ENTRY

Dated: December 4, 2017

HENSAL, Presiding Judge.

{¶1} Plaintiff-Appellant, James Pietrangelo, appeals from the judgments of the Lorain County Court of Common Pleas, granting judgment on the pleadings and summary judgment to Defendants-Appellees. This Court affirms.

I.

{¶2} In 2013, Mr. Pietrangelo, an attorney, filed a pro se lawsuit against the City of Avon Lake, seeking to have a local skate park shut down because he believed it was a nuisance. Several local media outlets – including The Chronicle-Telegram, The Press, and Cleveland Scene – published articles online and/or in print regarding Mr. Pietrangelo's lawsuit and the issues related thereto. As a result of those articles, Mr. Pietrangelo filed a defamation and false light complaint against the media outlets, including their respective presidents/CEOs, publishers, managing editors, and reporters. He also sued the City of Avon Lake and two members of the

Avon Lake Police Department, asserting defamation and false light claims, and alleging that they violated his constitutional rights in connection with the skate-park dispute.

{¶3} The Chronicle-Telegram and the individual defendants associated therewith ("The Chronicle-Telegram") moved for summary judgment on all of Mr. Pietrangelo's claims against them, which the trial court granted. The remaining defendants moved for judgment on the pleadings, which the trial court also granted. Mr. Pietrangelo now appeals, raising five assignments of error for our review. Mr. Pietrangelo's merit brief combines the discussion of the first two assignments of error. For ease of consideration, we will do the same.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT PLAINLY ERRED, PREJUDICIALLY ERRED, AND/OR ABUSED [ITS] DISCRETION ("ERRED" HEREINAFTER) IN ISSUING ITS SEPTEMBER 23, 2015 JOURNAL ENTRY, INCLUDING IN GRANTING – WITHOUT ANY PROPER OPINION OR ANALYSIS – SUMMARY JUDGMENT TO DEFENDANTS THE LORAIN COUNTY PRINTING & PUBLISHING COMPANY ("LCPPC") DBA THE CHRONICLE-TELEGRAM, PUBLISHER PAUL B. MARTIN, EDITOR ANDY YOUNG, AND REPORTER ANNA MERRIMAN (COLLECTIVELY "LCPPC DEFENDANTS"), AND IMPLICITLY DENYING PIETRANGELO'S JULY 10, 2015 MOTION TO STRIKE, JULY 10, 2015 RULE 56(F) MOTION, AND AUGUST 3, 2015 MOTION FOR LEAVE.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT PLAINLY ERRED, PREJUDICIALLY ERRED, AND/OR ABUSED [ITS] DISCRETION IN ISSUING ITS JULY 31, 2015 JOURNAL ENTRY, INCLUDING IN DENYING PIETRANGELO'S JULY 30, 2015 MOTION TO STRIKE.

{¶4} In his first assignment of error, Mr. Pietrangelo argues that the trial court erred by granting summary judgment in favor of The Chronicle-Telegram. He also argues that the trial court erred by implicitly denying his motion under Civil Rule 56(F), his motion to strike the

exhibits from The Chronicle-Telegram's motion for summary judgment, and his motion for leave to file a surreply to The Chronicle-Telegram's opposition to his Rule 56(F) motion.

{¶5} We decline to address the latter two motions because Mr. Pietrangelo has failed to properly develop arguments in support of his position that the trial court erred by implicitly denying those motions. *See* App.R. 16(A)(7). For example, Mr. Pietrangelo fails to indicate the standard of review this Court is to apply, and fails to explain how the cited legal authority applies to the facts presented, among other deficiencies. *See* Loc.R. 7(B)(7) ("Each assignment of error shall * * * include the standard * * * of review applicable to that assignment of error * * *."); *Ohio Edison Co. v. Williams*, 9th Dist. Summit No. 23530, 2007-Ohio-5028, ¶ 9, quoting *Kremer v. Cox*, 114 Ohio App.3d 41, 60 (9th Dist.1996) ("failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal."). Mr. Pietrangelo's second assignment of error, which challenges the trial court's denial of another motion to strike, fails for the same reasons. *Id.* We, therefore, are left with deciding whether the trial court erred by granting summary judgment in favor of The Chronicle-Telegram, and whether it erred by implicitly denying Mr. Pietrangelo's Rule 56(F) motion.

{¶6} We will first address the trial court's grant of summary judgment in favor of The Chronicle-Telegram. We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Under Civil Rule 56(C), summary judgment is proper only if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Id.* at 293. If the moving party fulfills this burden, then the burden shifts to the nonmoving party to prove that a genuine issue of material fact exists. *Id.* "[The] party opposing summary judgment may not rest upon its pleadings, but must set forth specific facts showing that there is a genuine issue for trial. If a moving party meets the standard for summary judgment required by Civ.R. 56, and a nonmoving party fails to respond with evidence of a genuine issue of material fact, a court does not err in granting summary judgment in favor of the moving party." *Todd Dev. Co. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, ¶ 14.

{¶7} Here, Mr. Pietrangelo's claims against The Chronicle-Telegram stem from two separate articles: one published in April 2014 titled "Man suing skate park changes focus[,]" and one published in June 2014 titled "Avon Lake police concerned over resident's skate park comment." With respect to the April 2014 article, Mr. Pietrangelo's complaint alleged that the following statements were defamatory: (1) "James Pietrangelo II now has filed a lawsuit against attorneys representing the city of Avon Lake."; and (2) "In another lawsuit filed April 9, Pietrangelo, acting as his own attorney, wrote that he recently learned Koesel and Turnball have been employees of the city since October, when he claims they were made 'Special Assistant Law Directors.'" He asserted that these statements were false, defamatory, and portrayed him in a false light because he did not file a separate lawsuit against the attorneys representing the City of Avon Lake. Rather, he filed a motion to disqualify them in an existing case. The Chronicle-

Telegram clarified this discrepancy in the next day's edition, but Mr. Pietrangelo maintains that it was not a meaningful correction given its location within the newspaper.

{¶8} Regarding the June 2014 article, Mr. Pietrangelo's complaint alleged that the following statements were defamatory and portrayed him in a false light: (1) "Homeowner who called 54 times this year about issues with park noise tells police he has [a] concealed carry permit."; (2) "During a few calls, Pietrangelo has told police he owns a concealed carry permit and that he is prepared to defend himself if he's confronted, Avon Lake Police Chief Duane Streator said." (3) "'This whole situation involves a noise nuisance complaint that (Pietrangelo) has with the people using the skate park,' Streator said."; (4) "It's unusual to bring that information into the conversation."; (5) "Police have forwarded information about the calls to the city law director for review, and have told Pietrangelo to bring an officer with him if he goes to the skate park."; and (6) "'We're trying to diffuse it before anything occurs,' Streator said."

{¶9} In its motion for summary judgment, The Chronicle-Telegram argued that Mr. Pietrangelo's defamation and false-light claims failed as a matter of law because: (1) the challenged statements were true or substantially true and not actionable; (2) the statements were not defamatory and the innocent-construction rule mandated dismissal of his claims; (3) the challenged statements were constitutionally protected expressions of opinion, which cannot support a defamation or false light claim; (4) Mr. Pietrangelo could not prove that The Chronicle-Telegram acted with the requisite degree of fault; and (5) the challenged statements were protected by the fair-report privilege, and Mr. Pietrangelo could not prove that The Chronicle-Telegram acted with the requisite degree of fault to overcome that privilege. The trial court summarily granted The Chronicle-Telegram's motion.

**{¶10}** On appeal, Mr. Pietrangelo argues that The Chronicle-Telegram did not meet its initial burden under the summary-judgment standard because it relied upon incompetent evidence. He also argues that "numerous genuinely disputed or ambiguous material facts remain[ed]" and that The Chronicle-Telegram had "holes in their evidence[.]" He further argues that the trial court erred by not issuing an opinion that contained its analysis with respect to its grant of summary judgment. We reject that argument outright because the Civil Rules do not require the trial court to do so. Civ.R. 52 ("Findings of fact and conclusions of law required by this rule and by Civ.R. 41(B)(2) and Civ.R. 23(G)(3) are unnecessary upon all other motions including those pursuant to * * * Civ.R. 56.").

**{¶11}** Initially, we note that Mr. Pietrangelo alleged defamation per se, not defamation per quod, and we will analyze his claims accordingly. "Defamation per se occurs when material is defamatory on its face; defamation per quod occurs when material is defamatory through interpretation or innuendo." *Northeast Ohio Elite Gymnastics Training Ctr., Inc. v. Osborne*, 183 Ohio App.3d 104, 2009-Ohio-2612, ¶ 7 (9th Dist.), quoting *Gosden v. Louis*, 116 Ohio App.3d 195, 206 (9th Dist.1996). This distinction is significant because a claim for defamation per quod requires the plaintiff to plead and prove special damages, which Mr. Pietrangelo has not done. *Id.* at ¶ 9. If a statement is defamation per se, on the other hand, damages are presumed. *Id.*

**{¶12}** To be actionable as defamation per se, the statements must "import an indictable criminal offense involving moral turpitude[,]" "impute a loathsome or contagious disease which excludes one from society[,] or "tend to injure one in his trade or business occupation." *Dunnigan v. City of Lorain*, 9th Dist. Lorain No. 02CA008010, 2002-Ohio-5548, ¶ 35; *Davis v. Brown*, 27 Ohio St. 326, 328 - 329 (1875) (stating same). The crime of moral turpitude must

subject the offender to "infamous punishment[.]" *Gilbert v. WNIR 100 FM*, 142 Ohio App.3d 725, 742 (9th Dist.2001). Defamation per se also includes statements that "reflect[] upon a person's character in a manner that will cause him to be ridiculed, hated, or held in contempt * * *." *Osborne* at ¶ 7. "When not ambiguous, whether a statement is defamation per se is a question of law for the trial court to determine." *Id.* at ¶ 8.

{¶13} Having reviewed the allegations contained in the complaint against The Chronicle-Telegram, we conclude that the allegedly defamatory statements contained therein do not constitute defamation per se as a matter of law. Regarding the April 2014 article, we find nothing defamatory per se with respect to the challenged statements (i.e., "Man suing skate park changes focus[,]"; "James Pietrangelo II now has filed a lawsuit against attorneys representing the city of Avon Lake[,]"; and "In another lawsuit filed April 9, Pietrangelo, acting as his own attorney, wrote that he recently learned Koesel and Turnball have been employees of the city since October, when he claims they were made 'Special Assistant Law Directors.'"). To that end, they do not import an indictable criminal offense involving moral turpitude that subjects him to infamous punishment, impute a loathsome or contagious disease, or tend to injure his trade or business occupation. *Dunnigan* at ¶ 35, *Gilbert* at 742. Further, the statements do not reflect upon Mr. Pietrangelo's character in a manner that would cause him to be ridiculed, hated, or held in contempt. *Osborne* at ¶ 7. We similarly find that the challenged statements from the June 2014 article do not constitute defamation per se for the same reasons.

{¶14} Mr. Pietrangelo also asserts that the "overall gist" of the articles was defamatory. He, however, did not attach copies of the articles to his complaint, and the "overall gist" of the statements contained in his complaint do not constitute defamation per se as a matter of law. Further, to the extent that Mr. Pietrangelo argues that the challenged statements suggest that he

filed a frivolous lawsuit, engaged in criminal conduct, and/or engaged in conduct unbecoming an attorney, any such suggestions are not contained on the face of these statements and instead require interpretation and/or innuendo, which sounds in defamation per quod. *See id.* at ¶ 7.

{¶15} Lastly, as The Chronicle-Telegram's merit brief points out, Mr. Pietrangelo has failed to properly develop an argument with respect to his false-light claims. Accordingly, we will not address that issue. *See* App.R. 16(A)(7); *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 Ohio App. LEXIS 2028, *22 (May 6, 1998) ("If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out.").

{¶16} We now turn to Mr. Pietrangelo's argument that the trial court abused its discretion by implicitly denying his motion to continue discovery under Rule 56(F). Rule 56(F) provides the following:

> Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

"To obtain a continuance under Civ.R. 56(F), a party must file an affidavit that sets forth why it is unable to present sufficient facts to rebut a motion for summary judgment." *Cessna v. Lone Star Steakhouse & Saloon of Ohio, Inc.*, 9th Dist. Summit No. 20553, 2001 Ohio App. LEXIS 4959, * 11-12 (Nov. 7, 2001).

{¶17} In support of his motion, Mr. Pietrangelo argued that he "could not have already done discovery because this case has been occupied with dispositive motions to which [he] had to respond, and [he] has otherwise been occupied with discovery in the skatepark suit." The Chronicle-Telegram opposed Mr. Pietrangelo's motion, arguing that Mr. Pietrangelo had several months to conduct discovery, yet failed to do so, and that being too busy was an inadequate

justification for purposes continuing discovery under Civil Rule 56(F). We agree and hold that the trial court did not abuse its discretion when it implicitly denied Mr. Pietrangelo's motion. *See CitiMortgage, Inc. v. Hoge*, 196 Ohio App.3d 40, 2011-Ohio-3839, ¶ 10-11 (8th Dist.) (holding that the appellant's assertion that she was "busy" did not justify a continuance of discovery under Rule 56(F)).

{¶18} In light of the forgoing, Mr. Pietrangelo's first and second assignments of error are overruled.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT PLAINLY ERRED, PREJUDICIALLY ERRED, AND/OR ABUSED [ITS] DISCRETION IN ISSUING ITS SEPTEMBER 23, 2015 JOURNAL ENTRY, INCLUDING IN GRANTING – WITHOUT ANY PROPER OPINION OR ANALYSIS – JUDGMENT ON THE PLEADINGS TO DEFENDANTS DOUTHIT COMMUNICATIONS, INC. ("DCI") DBA THE PRESS, PUBLISHER HAROLD K. DOUTHIT III, EDITOR PETER COMINGS, AND REPORTER BRYAN WROTEN (COLLECTIVELY, "DCI DEFENDANTS"), AND IMPLICITLY DENYING PIETRANGELO'S APRIL 22, 2015 MOTION TO STRIKE.

{¶19} In his third assignment of error, Mr. Pietrangelo asserts that the trial court erred by granting judgment on the pleadings in favor of The Press and the individual defendants associated therewith ("The Press"). He also asserts that the trial court erred by denying his motion to strike certain exhibits attached to The Press's answer. As explained below, we decline to address the merits of Mr. Pietrangelo's assignment of error because he has failed to properly develop arguments in support of his position.

{¶20} By way of background, Mr. Pietrangelo's claims against The Press stem from an article it published in June 2014 regarding the skate-park dispute. In its motion for judgment on the pleadings, The Press argued that the statements contained in its article were not actionable because they were opinions, were not false, and were not defamatory. It further argued that the

statements were privileged, and that Mr. Pietrangelo failed to show that it acted with actual malice. In granting The Press's motion, the trial court found that "[t]he complained of articles are protected opinions and are neither false nor defamatory; the statements are not privileged; and [Mr. Pietrangelo] has failed to show that the Defendants acted with actual malice."

**{¶21}** On appeal, Mr. Pietrangelo asserts that "there were numerous factual issues between [his] complaint and [The Press's] answer[,]" that he "sufficiently pleaded" his claims against The Press, and that he "could have proved a set of facts upon them or an amendment thereof that would have entitled him to relief." He then asserts that the statements in The Press's article were "clearly materially false," "clearly published with legal malice[,]" "clearly published without privilege[,]" "clearly defamatory[,]" and were "defamation per se * * * and also would be highly offensive to a reasonable person." He then lists over twenty statements from the article that he claims were actionable and concludes that the statements "were clearly defamatory, including as imputing criminal conduct, conduct unbecoming an attorney, and disreputable conduct[.]"

**{¶22}** Regarding his motion to strike, Mr. Pietrangelo asserts that The Press's motion "relied on and referred to improper material * * * that was beyond the pleadings and that also was ambiguous, and thus * * * [his] motion to strike * * * should have been granted." He then lists the allegedly improper material – including material that he summarily concludes is hearsay – and cites Civil Rule 10(C) and one case.

**{¶23}** Importantly, the appellant has the burden on appeal. *State v. Stevenson*, 9th Dist. Summit No. 24408, 2009-Ohio-2455, ¶ 21, citing App.R. 16(A)(7). Under Appellate Rule 16(A)(7), the appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in

support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." As this Court has stated, "merely setting forth conclusory statements" does not satisfy an appellant's burden on appeal. *In re B.P.*, 9th Dist. Lorain No. 14CA010531, 2015-Ohio-48, ¶ 10, citing App.R. 16(A)(7); *see also State v. Georgeoff*, 9th Dist. Medina No. 3195-M, 2002 Ohio App. LEXIS 92, *18-19 (overruling the appellant's assignment of error under Appellate Rules 12(A)(2) and 16(A)(7) because the appellant failed to apply the law to the facts presented). Similarly, we have stated that "we will not guess at undeveloped claims on appeal." *Stevenson* at ¶ 21.

**{¶24}** Here, although Mr. Pietrangelo does cite legal authority in his assignment of error, he fails to apply it to the facts presented. Instead, he makes conclusory statements in support of his position that the trial court erred, and fails to explain what proposition the cited legal authority stands for, let alone how it applies to the facts presented. As this Court has consistently stated, "[i]f an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *Cardone*, 9th Dist. Summit No. 18349, 1998 Ohio App. LEXIS 2028, *22. Accordingly, we decline to address this inadequately argued assignment of error. *Id.*, citing App.R. 12(A)(2) and 16(A)(7). Mr. Pietrangelo's third assignment of error is overruled.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT PLAINLY ERRED, PREJUDICIALLY ERRED, AND/OR ABUSED [ITS] DISCRETION IN ISSUING ITS SEPTEMBER 23, 2015 JOURNAL ENTRY, INCLUDING IN GRANTING – WITHOUT ANY PROPER OPINION OR ANALYSIS – JUDGMENT ON THE PLEADINGS TO DEFENDANTS EUCLID MEDIA GROUP, LLC ("EMG") DBA CLEVELAND SCENE, PUBLISHER CHRIS KEATING, EDITOR VINCE GRYZGOREK, AND REPORTER ERIC SANDY (COLLECTIVELY "EMG DEFENDANTS").

**{¶25}** In his fourth assignment of error, Mr. Pietrangelo argues that the trial court erred by granting judgment on the pleadings in favor of Cleveland Scene and the individual defendants

associated therewith ("The Scene"). Mr. Pietrangelo's claims against The Scene stem from an article it published in June 2014 regarding the skate-park dispute. In support of their motion for judgment on the pleadings, The Scene argued, in part, that its article was a constitutionally protected opinion and was not defamatory as a matter of law. In granting The Scene's motion, the trial court found that "[t]he complained of article is not defamatory, the article is a constitutionally protected opinion, and the light in which the article portrays the Plaintiff is not highly offensive to a reasonable person."

{¶26} Much like Mr. Pietrangelo's previous assignment of error, this assignment of error is devoid of any meaningful analysis. Rather, it contains numerous legal conclusions supported by citations to the complaint, as well as citations to legal authority without any explanation or analysis as to how the law applies to the facts of this case. For example, his merit brief states that the "complaint allegations sufficiently stated claims * * * [and he] could have proved a set of facts upon them or an amendment thereof that would [entitle] him to relief[,]" the challenged statements were "materially false[,]" the "articles/statements were * * * clearly published with legal malice[,]" "[t]he article/statements were * * * clearly published without privilege[,]" and were "clearly defamatory[.]" He then lists numerous statements that he asserts were actionable.

{¶27} Again, merely setting forth conclusory statements without any explanation as to how the law applies to the facts presented is insufficient for purposes of Appellate Rule 16(A)(7). *In re B.P.*, 9th Dist. Lorain No. 14CA010531, 2015-Ohio-48, at ¶ 10; *Georgeoff*, 9th Dist. Medina No. 3195-M, 2002 Ohio App. LEXIS 92, at * 18-19. Mr. Pietrangelo's fourth assignment of error is overruled.

ASSIGNMENT OF ERROR V

THE TRIAL COURT PLAINLY ERRED, PREJUDICIALLY ERRED, AND/OR ABUSED [ITS] DISCRETION IN ISSUING ITS SEPTEMBER 23, 2015 JOURNAL ENTRY, INCLUDING IN GRANTING – WITHOUT ANY PROPER OPINION OR ANALYSIS – JUDGMENT ON THE PLEADINGS TO DEFENDANTS CITY OF AVON LAKE, OHIO ("AVON LAKE"), POLICE CHIEF DUANE STREATOR, AND POLICE LIEUTENANT SEAN BOCKELMAN ("COLLECTIVELY "AVON LAKE DEFENDANTS").

**{¶28}** In his fifth assignment of error, Mr. Pietrangelo argues that the trial court erred by granting judgment on the pleadings in favor of the City of Avon Lake and two members of its police department ("Avon Defendants"). As previously noted, Mr. Pietrangelo asserted defamation and false light claims against the Avon Defendants, and alleged that they violated his constitutional rights in connection with the skate-park dispute.

**{¶29}** In their motion for judgment on the pleadings, the Avon Defendants argued, in part, that: (1) they are immune from the defamation claims; (2) even if they are not immune, the statements attributed to the members of the police department were not actionable; and (3) Mr. Pietrangelo failed to plead sufficient facts to establish a plausible constitutional violation and/or he could not establish that their alleged conduct lacked a rational basis. The trial court summarily granted the Avon Defendant's motion.

**{¶30}** Once again, as the Avon Defendants point out in their merit brief, Mr. Pietrangelo failed to properly develop an argument in support of his assignment of error. Regarding his defamation and false light claims, he asserts that he "sufficiently pleaded all of the elements" of those claims and "could have proved a set of facts upon them or an amendment thereof that would [entitle] him to relief." He then asserts that the challenged statements were "clearly materially false[,]" "were * * * clearly published with legal malice[,]" were "clearly defamatory[,]" and that he "clearly pleaded an exception to political-subdivision immunity[.]"

He further asserts that the statements were "defamatory per se * * * [and] would be highly offensive to a reasonable person[.]"

{¶31} Regarding his constitutional claims, he asserts that he "sufficiently pleaded Section 1983 claims * * * and Ohio constitutional claims * * * based on the instances of conduct described in the Statement of Facts above and incorporated herein[.]" He then asserts that he "sufficiently pleaded separate First, Fourth, Eighth, and Fourteenth Amendment, and Article I Section 2, 9, 11, 14, and 16 claims" against the Avon Defendants. He then refers generally to the bases of those claims (e.g., he asserts that his "Fourth Amendment-type and/or Eighth Amendment-type claims derived from [the Avon Defendants'] respective wrongful seizure and injury of [his] person, and intrusion upon his property, during/before the * * * April 2014 protest, and the seizure of his personal papers in June 2014[.]") and cites case law without any explanation as to how that law applies to the facts presented. As with the two preceding assignments of error, we decline to address this inadequately argued assignment of error. *Cardone*, 9th Dist. Summit No. 18349, 1998 Ohio App. LEXIS 2028, at *22, citing App.R. 12(A)(2) and App.R. 16(A)(7). Mr. Pietrangelo's fifth assignment of error is overruled.

III.

{¶32} Mr. Pietrangelo's assignments of error are overruled. The Judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
CONCURS.

CARR, J.
DISSENTS.

APPEARANCES:

JAMES E. PIETRANGELO, II, pro se, Appellant.

MONICA L. DIAS, Attorney at Law, for Appellees.

J. MICHAEL MURRAY, Attorney at Law, for Appellees.

ROBERT E. CHUDAKOFF, Attorney at Law, for Appellees.

JAMES M. POPSON, Attorney at Law, for Appellees.