# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

COURO NDIATHE,                          :          APPEAL NO.   C-250038
                                                   TRIAL NO.    DR-2400570
     Plaintiff-Appellee,           :

  vs.                                   :
                                                          *JUDGMENT ENTRY*
RACINE NDIATH,                          :

     Defendant-Appellant.          :


This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.


**To the clerk:**

**Enter upon the journal of the court on 10/22/2025 per order of the court.**


**By:**_____
       **Administrative Judge**

[Cite as *Ndiathe v. Ndiath*, 2025-Ohio-4828.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


COURO NDIATHE,     :   APPEAL NO. C-250038

                TRIAL NO. DR-2400570

  Plaintiff-Appellee,   :

 vs.         :

                *O P I N I O N*

RACINE NDIATH,     :

  Defendant-Appellant. :


Civil Appeal From: Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: October 22, 2025


*Strauss Troy Co., LPA*, and *Courtney L. Suhre*, for Plaintiff-Appellee,

*Racine Ndiath*, pro se.

**ZAYAS, Presiding Judge.**

{¶1} In this pro se appeal, defendant-appellant Racine Ndiath ("husband") appeals from the judgment of the Hamilton County Court of Common Pleas, Domestic Relations Division, holding him in contempt for repeatedly violating the trial court's order for plaintiff-appellee Couro Ndiathe ("wife") to have exclusive occupancy of the marital residence. In five "issues presented" for review, husband challenges the sufficiency and weight of the evidence supporting the trial court's decision and asserts that the trial court demonstrated bias and misapplied the law under R.C. 2705.02. However, husband failed to cause the proper transcript to be included in the record under App.R. 9. Therefore, this court must presume the regularity of the proceedings. Further, there is no indication on the face of the decision that the trial court misapplied the law under R.C. 2705.02. Consequently, we overrule husband's "issues presented" for review and affirm the judgment of the trial court.

## I. Background

{¶2} On April 2, 2024, wife filed a complaint for divorce from husband. That same day, wife filed a motion for exclusive occupancy of the marital residence. After a hearing on August 8, 2024, the trial court entered an order granting the motion on August 14, 2024, and ordering that wife was entitled to exclusive occupancy of the marital residence, effective at 5:00 p.m. on August 28, 2024. The trial court further ordered that husband shall not cause the destruction of any property in the residence prior to or upon vacating the residence or allow any third party to enter the residence on his behalf and shall provide all keys and/or garage-door openers to the residence to wife upon vacating the residence. On August 23, 2024, husband filed objections to the magistrate's decision, claiming he was not a threat to wife. However, husband filed a "dismissal" of the objections on September 20, 2024, prior to the scheduled hearing

on the objections. Therefore, the trial court entered an order dismissing the objections on October 3, 2024.

{¶3} On September 27, 2024, wife filed a motion for contempt and a motion to compel return of a spare car key. The motion claimed that husband entered the residence "on several occasions" after the trial court granted wife exclusive occupancy of the residence, refused to return his keys to the marital residence in contravention of the trial court's order, and removed wife's spare car key from the marital residence after the trial court granted wife exclusive occupancy.

{¶4} On November 26, 2024, wife filed a "supplemental" motion for contempt. The motion claimed that husband continued to refuse to remain away from the marital residence. The motion stated,

> Husband appears at the home, under the guise of picking the children up for his parenting time, only to sneak into the home to destroy property and steal wife's belongings. Once he has inflicted damage to the home and takes whatever property he chooses, Husband leaves without the children and does not exercise his parenting time per the 75N order. Wife has changed the locks on the home and still Husband continues to sneak in. Husband has stolen tools, clothes, trashcans, Wife's printer and printer paper, and Wife's [i]Phone. Husband has broken the washing machine on three separate occasions, forcing wife to pay to have [it] fixed. Most recently, Husband appeared at the home on October 30, 2024. The police intervened after an altercation took place and still, Husband threatens to come into the home whenever he pleases.

{¶5} After a contempt hearing on December 3, 2024, and another hearing on

January 21, 2025, the trial court entered an order on January 21, 2025, finding husband in contempt for his "repeated violation" of the exclusive occupancy order, and ordering husband to pay wife $250 within 30 days of the judgment entry.[1] The trial court further ordered that husband shall not enter or appear at the residence and should expect jail time if he does. The trial court also ordered that husband pay $257.50 to reimburse wife for her expenses in replacing her spare car key.

{¶6} Husband filed a notice of appeal from the trial court's contempt order two days later on January 23, 2025. That same day, husband filed his first docket statement, which had conflicting indications as to the necessity of preparing transcripts for the appeal. Consequently, on February 6, 2025, this court entered a show cause order requiring husband to file an amended docket statement by February 20, 2025, in which he was to (1) check the proper boxes, (2) have the court reporter complete the court-reporter certification, and (3) attach a copy of the transcript order to the docket statement, as required by Loc.R. 9(B)(1), or clearly indicate that there will be no transcripts, that the transcripts have already been prepared and filed, or that there will be a statement under App.R. 9(C).

{¶7} On February 10, 2025, husband filed a request for transcription in the trial court. The request indicated that only a transcript of the proceedings on January 21, 2025, was needed for the appeal. This transcript was filed in the trial court on February 19, 2025.

{¶8} On March 7, 2025, this court entered another show cause order acknowledging that one transcript had been filed but pointing out husband had not filed an amended docket statement with this court. This court therefore ordered

---

[1] The record is unclear as to whether this amount was ever paid.

husband to file an amended docket statement by March 14, 2025, clarifying the state of the record and indicating whether more transcripts were to be prepared and filed or if the filed transcript was to be the only transcript. On March 10, 2025, husband filed another docket statement indicating that no additional transcripts would be filed. This docket statement included a different transcript request form; however, the form still only requested a transcript for the proceedings on January 21, 2025. Thereafter, the record was filed on March 14, 2025, inclusive of only one transcript from the hearing on January 21, 2025.

{¶9} Husband now raises five "issues presented" for this court's review. He lists these issues as (1) whether the trial court erred in granting the motion for contempt without sufficient evidence of an intentional violation of court orders, (2) whether the trial court improperly relied on false and uncorroborated claims by wife, (3) whether the trial court failed to consider critical evidence demonstrating his lawful presence and access to the home, (4) whether the trial court demonstrated bias and prejudiced the proceedings against him, and (5) whether the court misapplied the legal standard under R.C. 2705.02.

## II. Analysis

{¶10} Husband presents sufficiency and manifest-weight-of-the-evidence challenges regarding the trial court's finding of contempt. He also argues that the trial court demonstrated bias in the proceedings and misapplied the law under R.C. 2705.02.

{¶11} Wife argues that this court must presume the regularity of the proceedings as husband did not cause the necessary transcript to be included in the record. She further argues that husband's "issues presented" should be overruled as he did not provide factual and legal support for his arguments as required by App.R.

16(A)(7).

**{¶12}** As mentioned above, the only transcript of proceedings that husband caused to be included in the record was a transcript of the proceeding that occurred on January 21, 2025. This transcript appears to be a scheduled pretrial hearing regarding custody issues. It does not contain anything substantive regarding the contempt proceedings. Rather, the trial court simply asks husband for his address at the start of the proceedings so that the court may mail him a copy of its written decision regarding the contempt.

**{¶13}** The record shows that the contempt proceeding occurred on December 3, 2024. This transcript was not included in the record. Therefore, wife is correct that husband failed to cause the necessary transcript to be included in the record. Consequently, this court must presume the regularity of the proceeding. *See Treasurer v. Scott*, 2022-Ohio-1467, ¶ 16 (1st Dist.), quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980) ("'When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.'").

**{¶14}** Beyond that, wife is also correct that husband did not cite to the record or any legal authority in support of his arguments as required by App.R. 16(A)(7). *See, e.g., Guthrie v. Guthrie*, 2024-Ohio-5581, ¶ 12 (1st Dist.), quoting *Tyra v. Tyra*, 2022-Ohio-2504, ¶ 23 (1st Dist.), quoting App.R. 16(A)(7) ("An appellant must 'present "[a]n argument containing [his or] her contentions . . . with respect to each assignment of error presented for review *and the reasons in support of the contentions*, with citations to the authorities, statutes, and parts of the record on which [the] appellant relies."'" (Emphasis in original.)); *In re Estate of Joseph*, 2025-Ohio-858, ¶ 12 (1st

Dist.), quoting *Olthaus v. Niesen*, 2023-Ohio-4710, ¶ 9 (1st Dist.) ("A party's "'failure to develop an authority-based argument provides sufficient grounds to" reject [an] appeal and affirm the judgment of the trial court.'"); *Pietrangelo v. Lorain Cty. Printing & Publishing Co.*, 2017-Ohio-8783, ¶ 23 (9th Dist.), quoting *In re B.P.*, 2015-Ohio-48, ¶ 10 (9th Dist.), citing App.R. 16(A)(7) ("'[M]erely setting forth conclusory statements' does not satisfy an appellant's burden on appeal.").

**{¶15}** Moreover, nothing in the trial court's contempt decision indicates that the court misapplied the legal standard under R.C. 2705.02. Therefore, we must affirm the judgment of the trial court.

### III. Conclusion

**{¶16}** For the foregoing reasons, we overrule the "issues presented" for review and affirm the judgment of the trial court.

Judgment affirmed.

**CROUSE** and **MOORE, JJ.,** concur.