OPINION
{¶ 1} Defendant, Christopher Craft, was stopped by police on September 21, 2006 and subsequently charged with an OMVI violation. He was also charged with an open container violation, failing to use headlights when required, and a safety belt violation.
 {¶ 2} Defendant filed a Crim. R. 12(C)(3) motion to *Page 2 
suppress evidence. Defendant failed to appear at a scheduled hearing on the motion on January 30, 2007. The following colloquy ensued:
 {¶ 3} "THE COURT: This is 06TRC11247 and 06CRB2040, State of Ohio versus Christopher A. Craft. Scheduled today for a 3:00 o'clock hearing on a Motion to Suppress. Present in court is Betsy Deeds, Prosecuting Attorney; Charles Rowland, representing Defendant. However, Mr. Craft is not here, and it's now 3:27 by the courtroom clock.
 {¶ 4} "MR. ROWLAND: Thank you, your Honor. May it please the Court, I'd like to put on record that not only did we tell Mr. Craft about this, but we scheduled a hearing with — or a meeting with him yesterday, which he failed to appear for. My secretary personally told him of this hearing today at 3:00 o'clock, called him at 3:08 when we discovered he was not here, and he said he was on his way. Based on that, we would ask for a continuance of this hearing to allow him to have a Motion to Suppress.
 {¶ 5} "THE COURT: Ms. Deeds, any response?
 {¶ 6} "MS. DEEDS: The only response from the State is that the witnesses for the State are here and ready to proceed at this time.
 {¶ 7} "THE COURT: Given that your client didn't show up *Page 3 
for you yesterday or today, my inclination is that I'm not going to grant a Motion to continue. The Motion to Suppress is going to be dismissed, withdrawn. And at this point, I won't do a warrant. I'll just have that as his punishment.
 {¶ 8} "MR. ROWLAND: Thank you, your Honor.
 {¶ 9} "THE COURT: Okay. Thank you.
 {¶ 10} "MR. ROWLAND: Good afternoon." (T. 2-3).
 {¶ 11} Defendant filed a second motion to suppress evidence on February 16, 2007. Attached to the motion was a letter from Defendant's supervisor at the Regional Burn Center at Miami Valley Hospital. The letter explains that Defendant had worked an additional shift the night before his scheduled hearing on January 30, to assist with staffing needs, and got off work on January 30 at 7:41 a.m.
 {¶ 12} The magistrate overruled Defendant's second motion to suppress. A handwritten notation on the motion states: "2/16/07: Motion denied. Defendant's motion to continue was already overruled + the motion to suppress dismissed. CMB."
 {¶ 13} Defendant entered a negotiated plea of no contest to the OMVI charge, in exchange for the State's dismissal of the other charges. The trial court found Defendant guilty and sentenced him to one hundred eighty days in jail, with one hundred fifty-five days suspended, a $500 fine, and placed *Page 4 
Defendant on probation for five years. The court also suspended Defendant's driver's license for two years, but granted Defendant occupational driving privileges.
 {¶ 14} Defendant timely appealed to this court from his conviction and sentence.
FIRST ASSIGNMENT OF ERROR
 {¶ 15} "THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR BY DENYING APPELLANT'S MOTION TO CONTINUE THE HEARING ON THE MOTION TO SUPPRESS."
SECOND ASSIGNMENT OF ERROR
 {¶ 16} "THE TRIAL COURT DENIED APPELLANT'S CONSTITUTIONAL RIGHT TO CONFRONT AND CROSS-EXAMINE THE STATE'S WITNESSES GUARANTEED BY THESIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND HIS CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT BY DISMISSING HIS MOTION TO SUPPRESS WITHOUT A HEARING."
 {¶ 17} "The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion. * * * `There are no mechanical tests for deciding when a denial of a continuance is so *Page 5 
arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.'
 {¶ 18} "* * *
 {¶ 19} "In evaluating a motion for a continuance, a court should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case."
 {¶ 20} State v. Unger (1981), 67 Ohio St.2d 65. 67-68 (internal citations omitted.)
 {¶ 21} On this record, we cannot say that the magistrate's denial of Defendant's motion to continue the hearing on his first motion to suppress evidence was an abuse of discretion. Furthermore, Defendant's right to the relief his motion sought was yet available to him by filing a second motion to suppress evidence, which he did. The magistrate likewise dismissed that motion, but her stated reason for doing so was *Page 6 
arbitrary. The threshold question, however, is whether Defendant preserved the error arising from those proceedings that he assigns on appeal.
 {¶ 22} Traf. R. 14(A) authorizes appointment of magistrates to sit in traffic code cases. Traf. R. 14(C) provides: "Proceedings before the magistrate shall be conducted as provided in Criminal Rule 19."
 {¶ 23} Crim. R. 19(D)(2)(c)(i) provides that" a magistrate may enter pretrial orders without judicial approval if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party." Crim. R. 19(D)(2)(b) states:
 {¶ 24} "Any party may file a motion with the court to set aside a magistrate's order. The motion shall state the moving party's reasons with particularity and shall be filed not later than ten days after the magistrate's order is filed. The pendency of a motion to set aside does not stay the effectiveness of the magistrate's order, though the magistrate or the court may by order stay the effectiveness of a magistrate's order."
 {¶ 25} Neither of the two orders dismissing Defendant's motion to suppress was dispositive of its merits, and the magistrate was therefore authorized by Crim. R. 19(D)(2)(a)(1) *Page 7 
to enter both. The magistrate was likewise authorized to deny the continuance Defendant requested. Defendant failed to move to set aside the magistrate's orders pursuant to Crim. R. 19(D)(2)(b). Failure to avail himself of that application for relief when it was available forfeits Defendant's right to argue on appeal that the magistrate abused her discretion in denying the continuance Defendant requested and dismissing his two motions to suppress. State v. Payne,114 Ohio St 3d 502, 2007-Ohio-4642.
 {¶ 26} Defendant contends that his plea of no contest nevertheless preserves the error he assigns. That would be so had the magistrate denied Defendant's motion to suppress on its merits by filing a decision required by Crim. R. 19(D)(3). Even then, however, failure to file objections to the magistrate's decision waives any error the court committed in adopting the decision, except for plain error. Crim. R. 19(D)(3)(b)(iv).
 {¶ 27} Defendant's Crim. R. 11(A) plea of no contest admitted the truth of the facts alleged in the complaint and permitted the court to proceed to a judgment on that basis. Defendant's motions to suppress were not before the court, having been dismissed, and the court was not required to rule on a motion to set those orders of dismissal aside, Defendant *Page 8 
having filed none. Therefore, on the record before it, the court did not deprive Defendant of any right he had invoked when the court found Defendant guilty on his plea of no contest and entered the judgment of conviction and sentence from which this appeal is taken.
 {¶ 28} The assignments of error are overruled. The judgment of the trial court will be affirmed.
DONOVAN, J. And GLASSER, J., concur.
(Hon. George M. Glasser, retired from the Sixth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1