[Cite as *In re J.A.*, 2016-Ohio-871.]

STATE OF OHIO      )            IN THE COURT OF APPEALS
                          )ss:           NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN      )

IN RE: J.A.                                 C.A. No.      15CA010794

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     14JD43216

DECISION AND JOURNAL ENTRY

Dated: March 7, 2016

SCHAFER, Judge.

{¶1} Appellant, J.A., appeals the judgment of the Lorain County Court of Common Pleas, Juvenile Division, classifying him as a Tier II sex offender and ordering him to comply with the various registration duties applicable to that classification. On appeal, J.A. raises a constitutional challenge to his sex offender classification, arguing that the imposition of the classification and its related registration requirements on a juvenile offender violates due process. For the reasons that follow, we affirm.

I.

{¶2} J.A. was adjudicated delinquent by virtue of committing the offenses of sexual imposition, as defined in R.C. 2907.06(A)(1), and rape, as defined in R.C. 2907.02(A)(2). The trial court subsequently classified J.A. as a Tier II sex offender and as a juvenile offender registrant, which requires that J.A. register as a sex offender every 180 days for a period of 20

years. This Court granted J.A.'s motion to allow a delayed appeal from this judgment and he has presented one assignment of error for our review.

## II.

### Assignment of Error

**The Lorain County Juvenile Court's imposition of sexual offender classification and registration sanctions that extend beyond the age of jurisdiction of the juvenile court violated J.A.'s due process rights under the United States and Ohio Constitutions.**

{¶3} In his sole assignment of error, J.A. argues that his sex offender classification and registration requirements violate his right to due process because they are punitive in nature and extend beyond his 21st birthday. Since J.A. failed to preserve this issue for appellate review, we must disagree.

{¶4} It is well-settled that "[t]he failure to raise a constitutional issue at the trial level [forfeits] the right to advance a constitutional argument at the appellate level." *State v. McGinnis*, 9th Dist. Medina No. 05CA0061-M, 2006-Ohio-2281, ¶ 29, citing *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus ("Failure to raise at the trial court level the issue of the constitutionality of a statute, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal."). A review of the transcript from the dispositional hearing reflects that J.A. never raised the issue of a due process violation in the trial court. After announcing J.A.'s commitment to the Ohio Department of Youth Services, the trial judge, without objection, stated that he would continue with a sex offender classification hearing. The prosecutor and guardian ad litem for the child both gave recommendations for J.A.'s classification. When the trial judge asked J.A.'s attorney for a recommendation, he stated, "[n]othing further with respect to this, Your Honor." These proceedings reflect that the issue of the sex offender classification's

constitutionality was "apparent" at the dispositional hearing, but that J.A. never raised an objection on that basis. *Awan* at syllabus. As a result, J.A. has forfeited all but plain error on this issue.

{¶5} While an appellant who forfeits an issue for appellate review may still argue plain error on appeal, "this [C]ourt will not sua sponte undertake a plain-error analysis if a[n appellant] fails to do so." *State v. Cross*, 9th Dist. Summit No. 25487, 2011-Ohio-3250, ¶ 41. Although J.A. has preserved a plain error argument, he has not made one in this matter. Consequently, "we will not create a plain-error argument on his behalf [and] we must conclude that [his argument] lacks merit." *Id*. at ¶ 42; *see also In re W.H.*, 9th Dist. Summit No. 23936, 2008-Ohio-4337, ¶ 4-5 (declining to address juvenile appellant's argument that was not raised in the trial court because the juvenile failed to make a plain error argument).

{¶6} Accordingly, we overrule J.A.'s sole assignment of error.

III.

{¶7} Having overruled J.A.'s assignment of error, we affirm the judgment of the Lorain County Court of Common Pleas, Juvenile Division.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

4

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
CANNON, J.
CONCUR

(CANNON, J., of the Eleventh District Court of Appeals, sitting by assignment pursuant to §6(C), Article IV, Constitution.)


APPEARANCES:

JOSEPH J. BOTT, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, for Appellee.