[Cite as *Lowder v. Kantak*, 2018-Ohio-3470.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JANET LOWDER, ESQ., et al.

    Appellants

    v.

ANAND D. KANTAK, M.D. et al.

    Appellees

C.A. No.     28690

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2014-07-3505

DECISION AND JOURNAL ENTRY

Dated: August 29, 2018

CALLAHAN, Judge.

{¶1} Appellants, Janet L. Lowder, Esq., as guardian of the minor child A.W., and Latonya McGhee appeal the trial court's judgment in favor of appellees. This Court affirms.

I.

{¶2} Ms. Lowder and Ms. McGhee filed an action against Akron Children's Hospital, Dr. Anand D. Kantak, Dr. John R. Ahmann, Marilyn Hoffman, RN, NNP, and Akron Neonatology, Inc., alleging medical malpractice in connection with their treatment of A.W. during her hospitalization at Akron Children's Hospital. The case against Dr. Kantak, Dr. Ahmann, and Akron Neonatology proceeded to a jury trial. After the presentation of evidence concluded, the trial court instructed the jury regarding the foreseeability of A.W.'s injuries over partial objections by Ms. Lowder and Ms. McGhee:

> A person is not responsible for injury to another if the negligence is a remote cause and not a proximate cause.

> The cause is remote when the result could not be reasonably foreseen or anticipated as being the likely cause of any injury.

In deciding * * * whether reasonable care was used, you will consider whether the Defendant ought to have foreseen under the circumstances the natural and probable result of an act or failure to act that world cause Plaintiff's injuries.

The test for foreseeability is not whether a person should have foreseen the injury exactly as it happened to that specific person. The test is whether under all the circumstances a reasonably careful person would have anticipated that an act or failure to act would likely cause some injury.

{¶3} The jury returned a verdict in favor of the defendants. Ms. Lowder and Ms. McGhee appealed, challenging the trial court's decision to instruct the jury regarding foreseeability.

## II.

THE TRIAL COURT ERRED AS A MATTER OF LAW, AND OTHERWISE COMMITTED AN ABUSE OF DISCRETION, BY FURNISHING IMPROPER AND UNWARRANTED JURY INSTRUCTIONS.

{¶4} Ms. Lowder and Ms. McGhee's assignment of error argues that the trial court erred by providing incorrect jury instructions and jury instructions that were not warranted by the evidence in this case. This Court disagrees.

{¶5} A trial court is obligated to provide a jury with instructions that reflect a correct, complete statement of the law and that are warranted by the evidence. *Cromer v. Children's Hosp. Med. Ctr. of Akron*, 142 Ohio St.3d 257, 2015-Ohio-229, ¶ 22, citing *Sharp v. Norfolk & W. Ry. Co.*, 72 Ohio St.3d 307, 312 (1995) and *Estate of Hall v. Akron Gen. Med. Ctr.*, 125 Ohio St.3d 300, 2010-Ohio-1041, ¶ 26. This Court applies a de novo standard of review to determine whether jury instructions accurately reflect the law and are warranted by the evidence. *Cromer* at ¶ 22.

{¶6} Ms. Lowder and Ms. McGhee's first argument appears to be that the trial court erred by instructing the jury about foreseeability because foreseeability instructions are

inapplicable in medical malpractice cases. The Ohio Supreme Court considered and rejected this argument in *Cromer*:

> Although the standard of care for a medical professional is heightened, it does not necessarily supplant all consideration of foreseeability. As part of their standard of care, medical professionals are expected to be able to recognize certain symptoms of illness and injury, and they are expected to be aware of the associated risk of harm. In other words, they are expected to foresee a risk of harm that a medical professional of ordinary skill, care, and diligence would foresee under similar circumstances. And just as with the general negligence standard, it necessarily follows that we would not expect medical professionals to guard against a risk of harm that a medical professional of ordinary skill, care, and diligence would not foresee. Accordingly, foreseeability of harm is relevant to a physician's standard of care, and a correct, general statement of the law regarding the standard of care or the breach of that standard includes the element of foreseeability.

(Internal citations omitted.) *Id*. at ¶ 28.

{¶7} Ms. Lowder and Ms. McGhee's second argument is that even if a foreseeability instruction is permissible in a medical malpractice case, such an instruction was not warranted on the facts of *this* case. *See Cromer* at ¶ 22. Their third argument is that the trial court misled the jury by including a reasonable person standard within the instruction. Their fourth argument is that a remote cause instruction was not warranted by the evidence.

{¶8} "On appeal, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection." Civ.R. 51(A). When a party fails to object to alleged error in a jury instruction, the error is forfeited for purposes of appeal. *See Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997). Similarly, when a party objects to a jury instruction on different grounds than are asserted in a subsequent appeal, the appellate arguments are forfeited. *See Leber v. Smith*, 70 Ohio St.3d 548, 552 (1994), citing *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207 (1982), paragraph one of the syllabus.

{¶9}   Ms. Lowder and Ms. McGhee objected to the jury instructions on three grounds: that a foreseeability instruction is inapplicable in medical malpractice cases, that inclusion of the word "likely" in the jury instructions was legally incorrect, and that a remote cause instruction was "inapplicable."  The objections at issue in this appeal read as follows:

We object on Page 11 to remote cause as inapplicable here.

* * *

We object to foreseeability charge in total as inapplicable to a [medical malpractice] case, as there is no duty unless potential harm to the patient is foreseeable.

And then I specifically and strongly object to the use of the word "likely" in the last line of that foreseeability charge, which is on the top of Page 12.  And I broached that with the Court before.

It should be may.  If you give it, it shouldn't be likely.  This is essentially telling the jury that unless injury is likely, there's no duty, there's no foreseeability; and that's wrong.

So we'd ask the Court to use - - if you're going to give it - - to insert the word may, M-A-Y, for it, the word likely.

{¶10}   The record on appeal does not demonstrate that Ms. Lowder and Ms. McGhee objected on the ground that a foreseeability instruction was unwarranted on the facts of this case or to the inclusion of a reasonable person standard.  Ms. Lowder and Ms. McGhee, however, urge this Court to conclude that the trial court's general reference to off-the-record conversations with a magistrate satisfies their obligation under Civ.R. 51(A) to object with specificity, directing this Court's attention to *Beavercreek Local Schools v. Basic, Inc.*, 71 Ohio App.3d 669, 692-693 (2d. Dist.1991).

{¶11}   This Court has not adopted the reasoning espoused by the Second District Court of Appeals in *Beavercreek Local*, and we decline to do so now.  Even if we were to do so, however, this case is distinguishable: In *Beavercreek*, the record mentioned an off-the-record

discussion between the parties and the trial court judge. The Court of Appeals noted that, "[f]rom the record, it appears the trial court was fully aware of [the] objection to the charge given and had adequate opportunity to reconsider the charge." *Id.* In this case, the record only indicates that the trial court judge "[knew] there were conversations yesterday with [the magistrate]" that led to "another current version of the jury instructions[.]" This off-the-record discussion, outside the presence of the trial court judge and pertaining to a prior draft of the jury instructions, would be insufficient to preserve error even if this Court were to adopt the standard set forth in *Beavercreek Local.*

{¶12} Ms. Lowder and Ms. McGhee have, therefore, forfeited these arguments for purposes of appeal with the exception of plain error. *Goldfuss*, 79 Ohio St.3d at 121. They have not argued plain error, however, and this Court will not construct a plain error argument on their behalf. *See Wiegand v. Fabrizi Trucking & Paving Co.*, 9th Dist. Medina No. 16CA0015-M, 2017-Ohio-363, ¶ 12.

{¶13} Ms. Lowder and Ms. McGhee did object in general terms to a remote cause instruction as "inapplicable here." This Court has reservations about whether an objection framed in such general terms satisfies a party's obligation to "stat[e] specifically the matter objected to and the grounds of the objection." Civ.R. 51(A). Assuming, without deciding, that this objection preserved the alleged error for purposes of appeal and that the remote cause instruction was, in fact, erroneous, Ms. Lowder and Ms. McGhee's argument fails because prejudice did not result.

{¶14} An erroneous jury instruction does not justify reversal unless the appellate court concludes, after a thorough review of the record, that the charge misled the jury and resulted in an erroneous verdict. *Hayward v. Summa Health Sys.*, 139 Ohio St.3d 238, 2014-Ohio-1913, ¶

25. To warrant reversal, an erroneous jury instruction "must be 'so prejudicial * * * that a new trial is warranted.'" (Alternation in original.) *Id*. at ¶ 26, quoting *Wagner v. Roche Laboratories*, 85 Ohio St.3d 457, 461 (1999).

**{¶15}** There is no evidence apparent from the record that the jury in this case was misled by the remote cause instruction. The jury found that neither Dr. Kantak nor Dr. Ahmann deviated from the standard of care and, consistent with the trial court's instructions, entered a general verdict in favor of the defendants without completing further interrogatories. "[W]hen a jury's answers to interrogatories make it clear that the jurors found that the defendant was not negligent and the jury's verdict is consistent with that finding, a remote-cause jury instruction, even if improper, cannot be found to have misled the jury in a manner materially affecting a substantial right." *Hayward* at ¶ 3. *See also Cromer*, 142 Ohio St.3d 257, 2015-Ohio-229, at ¶ 42. Ms. Lowder and Ms. McGhee have argued, nonetheless, that the remote cause instruction compounded other errors in jury instructions and that the jury could not have reached the conclusion that it did had it not been confused. Prejudice, however, must be demonstrated on the face of the record: it cannot be assumed or proven by speculation. *See Hayward* at ¶ 26, citing *Wagner* at 462. Even if the remote cause instruction constituted error, there is no prejudice apparent from the record in this case.

**{¶16}** Ms. Lowder and Ms. McGhee's final argument is that the trial court erred by instructing the jury that "The test is whether under all the circumstances a reasonably careful person would have anticipated that an act or failure to act would *likely* cause some injury." (Emphasis added.) Specifically, Ms. Lowder and Ms. McGhee maintain that use of the word "likely" imposed a probability requirement that is inappropriate in a determination of negligence.

{¶17} In *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77 (1984), the Ohio Supreme Court explained that "The test for foreseeability is whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act." The Supreme Court has reiterated this language on several occasions. *See*, *e.g.*, *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 680 (1998); *Mussivand v. David*, 45 Ohio St.3d 314, 321 (1989). This Court has followed the same test. *See*, *e.g.*, *Rodgers v. Holland Oil Co.*, 9th Dist. Summit No. 23718, 2007-Ohio-6049, ¶ 17. Other appellate districts have as well. *See*, *e.g.*, *Cornell v. Mississippi Lime Co.*, 7th Dist. Columbiana No. 16 CO 0005, 2017-Ohio-7160, ¶ 51; *LaMusga v. Summit Square Rehab, LLC*, 2d Dist. Montgomery No. 27186, 2017-Ohio-6907, ¶ 15; *Chapa v. Genpak, LLC*, 10th Dist. Franklin No. 12AP-466, 2014-Ohio-897, ¶ 112; *Adkins v. RLJ Mgt. Co.*, 5th Dist. Muskingum No. CT2011-0012, 2011-Ohio-6609, ¶ 12; *Yeater v. Bd. of Edn.*, 11th Dist. Trumbull No. 2009-T-0107, 2010-Ohio-3684, ¶ 26; *Stepanyan v. Kuperman*, 8th Dist. Cuyahoga No. 88927, 2007-Ohio-4068, 5; *Aldridge v. Reckart Equip. Co.*, 4th Dist. Gallia No. 04CA17, 2006-Ohio-4964, ¶ 76; *Covucci v. Syroco, Inc.*, 6th Dist. Lucas No. L-00-1349, 2001 Ohio App. LEXIS 1635, *7.

{¶18} Ms. Lowder and Ms. McGhee urge this Court to reject the Ohio Supreme Court's articulation of the test for foreseeability in favor of recognizing that "<u>any</u> unacceptable risk is sufficient to establish foreseeability": in their words, "The time has now come for Ohio's judiciary to recognize that no legitimate reason exists to limit compensable damages to just those that can be foreseen by the tortfeasor as likely or probable." A court of appeals, however, cannot disregard the precedent of the Ohio Supreme Court. *State v. Darr*, 9th Dist. Medina No. 17CA0006-M, 2018-Ohio-2548, ¶ 39, citing *Simon v. Zipperstein*, 32 Ohio St.3d 74, 77 (1987).

{¶19} Ms. Lowder and Ms. McGhee forfeited their arguments regarding whether the evidence warranted a foreseeability instruction and their argument regarding the reasonable person standard. Their remaining arguments are not well-taken, and their sole assignment of error is overruled.

## III.

{¶20} Ms. Lowder and Ms. McGhee's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, P. J.
DISSENTING.

{¶21} I respectfully dissent. I do not agree with the majority's conclusion that the appellants failed to preserve their challenges to the jury instructions about the standard of care in this medical malpractice case. I would sustain the assignment of error and reverse the trial court's judgment.

APPEARANCES:

MICHAEL R. BECKER and DAVID W. SKALL, Attorneys at Law, for Appellants.

PAUL W. FLOWERS, Attorney at Law, for Appellants.

MARTIN T. GALVIN, WILLIAM A. MEADOWS, and CHRISTINE S. SANTONI, Attorneys at Law, for Appellees.