[Cite as *State v. Pruitt*, 2021-Ohio-3793.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2021-T-0012 |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| QUAN'NITA R. PRUITT, | |
| Defendant-Appellant. | Trial Court No. 2020 CR 00676 |

**O P I N I O N**

Decided: October 25, 2021
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Michael A. Scala*, 244 Seneca Avenue N.E., P.O. Box 4306, Warren, OH 44482 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Quan'nita R. Pruitt, appeals her sentencing entry. This court affirms.

{¶2} In 2020, Pruitt was indicted on two counts of failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B), (C)(1), and (C)(5)(a)(ii), felonies of the third degree.

{¶3} Pursuant to the state's bill of particulars these charges stem from the following allegations. On September 10, 2020, a Warren City police officer attempted to

stop Pruitt's vehicle to investigate a call involving a firearm from the previous day. The officer activated his overhead lights and audible siren, but Pruitt then began operating her vehicle recklessly, "weaving in and out of traffic and driving at an excessive speed dangerously close to oncoming traffic." Due to the danger posed by the pursuit, the officer disengaged. On the same date, Cortland City police officers attempted to stop Pruitt's vehicle, activating their overhead lights and audible sirens, but she again began to drive recklessly and swerve through traffic at an excessive rate of speed, failing to obey traffic control devices and almost causing several traffic accidents. She ultimately abandoned the vehicle and fled on foot before she was arrested.

{¶4} Pursuant to a plea agreement, Pruitt entered a guilty plea on the first count, and the state agreed to a nolle prosequi on the second. The trial court ordered a presentence investigation report, and the matter proceeded to sentencing. At sentencing, the trial court sentenced Pruitt to 36 months of incarceration after "considering the record, oral statements, the pre-sentence investigation report and any victim impact statements, as well as the principles and purposes of sentencing under R.C. 2929.11" and balancing "the seriousness and recidivism factors of R.C. 2929.12."

{¶5} In her two assigned errors, Pruitt contends:

{¶6} "[1.] The trial court erred, to the detriment of appellant, by considering appellant's actions to be two counts of failure to comply instead of one when considering he[r] sentence.

{¶7} "[2.] The trial court erred, to the detriment of appellant, by using two prior 'no billed' failure to comply cases in consideration of this sentence."

{¶8} With respect to felony sentencing, R.C. 2929.11(A) provides:

2

* * * The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶9} It is within the sentencing court's discretion "to choose the most effective way to achieve the purposes set forth in R.C. 2929.11." *State v. Stanley*, 11th Dist. Trumbull No. 2020-T-0039, 2021-Ohio-549, ¶ 8; R.C. 2929.12(A). In "exercising that discretion," R.C. 2929.12(A) provides:

[T]he court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

{¶10} In reviewing a felony sentence, we are not permitted "to independently weigh the evidence in the record and substitute [our] judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42; *id.* at ¶ 39 ("R.C. 2953.08(G)(2)(b) * * * does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12."). Here, Pruitt alleges that the trial court relied on factors that it was precluded from considering, and we will address Pruitt's argument to

3

that limited extent. *See State v. Chase*, 11th Dist. Lake Nos. 2020-L-070 & 2020-L-071, 2021-Ohio-1006, ¶ 10.

{¶11} First, Pruitt maintains that the trial court erred in viewing her conduct as constituting two separate offenses. Initially, we note that prior to entering into the plea agreement, Pruitt filed a trial brief urging merger of the two counts. This issue was addressed at sentencing:

> THE COURT: Counsel, is there anything you would like to say about Miss Pruitt?
>
> [DEFENSE COUNSEL]: I do, Your Honor. First of all, I would like the Court to recognize that we have pleaded, take responsibility for this charge.
>
> This was originally a two-count indictment. I did file a trial brief. And I believe the Court would concur with me that this was in fact one charge. She has spent five months –
>
> THE COURT: Let's stop there, counselor. I absolutely would not agree with that. The State dismissed a charge in consideration of your argument [sic]. I wouldn't agree with that at all. So go ahead.

{¶12} Thereafter, when addressing Pruitt, the trial court noted that she engaged in high-speed chases, putting the public at risk "twice in one day."

{¶13} Accordingly, the court did not conclude that Pruitt's conduct would have sustained two convictions, but it did view her conduct as twice engaging officers in pursuit. Nonetheless, the court clearly sentenced Pruitt on only one count, and whether the two counts would have merged had the case proceeded to trial was not at issue. Accordingly, Pruitt's first assigned error lacks merit.

{¶14} Next, Pruitt maintains that the trial court improperly considered no-billed charges when imposing sentence.

4

{¶15} At sentencing the trial court stated that it had taken "special note of the presentence investigation and the Defendant's following criminal record," at which point the trial court recited portions of her criminal history, including failure to comply with the order or signal of a police officer, "which got no-billed." The court then commented, "So it's not your first time running from the police, is it?" The court also noted an additional failure to comply count for which the jury had returned a no-bill of indictment.

{¶16} However, defense counsel raised no objection to the trial court's consideration of the two prior counts that were no-billed. "An appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." *State v. Hoolihan,* 11th Dist. Trumbull No. 2012-T-0023, 2012-Ohio-5837, ¶ 14, quoting *State v. Williams*, 51 Ohio St.2d 112, 364 N.E.2d 1364 (1977), paragraph one of the syllabus. Crim.R. 52(B) permits this court to recognize plain error even where the error was not challenged in the trial court. *Hoolihan* at ¶ 15. "'Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *State v. Landrum*, 53 Ohio St.3d 107, 111, 559 N.E.2d 710 (1990), quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶17} Pruitt has not argued plain error. *See In re J.A.*, 9th Dist. Lorain No. 15CA010794, 2016-Ohio-871, ¶ 5 (declining to undertake a plain error analysis where appellant failed to argue plain error). Further, Pruitt's sentence was not based entirely on the no-billed indictments. Pursuant to the presentence investigation report, Pruitt, who was 22 years old at the time of sentencing, had been convicted 15 times after turning age

5

18. The trial court noted that Pruitt had "one of the worst records [it had] ever seen for somebody [her] age" and that she started her "criminal career at the age of 15." Moreover, the state made note of the seriousness of the instant offense, asserting that Pruitt's conduct was "one of the worst Failure to Complies that [it had] seen where someone wasn't seriously injured or killed between the two incidents that occurred." The trial court acknowledged the danger posed by Pruitt's conduct, noting that the high-speed chases had put the public at risk.

{¶18} Accordingly, even were this court to conclude that the trial court impermissibly elevated the no-billed charges to a conviction, the record contains other factors weighing in favor of the sentence, and plain error cannot be demonstrated. *See Hoolihan* at ¶ 17 ("it would certainly be improper for the trial court to elevate appellant's pending felony charge to the status of a conviction for sentencing purposes when [the appellant] had not actually been convicted of the pending charge").

{¶19} Accordingly, Pruitt's second assigned error lacks merit.

{¶20} The judgment is affirmed.

MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

6

Case No. 2021-T-0012