**[Cite as *Young v. Boyd*, 2025-Ohio-4450.]**

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF SUMMIT | ) | | |

YNEZ YOUNG

    Appellee

v.

EZEKIAL J. BOYD, JR.

    Appellant

C.A. No.    31371

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR 2010-06-1690

DECISION AND JOURNAL ENTRY

Dated: September 24, 2025

FLAGG LANZINGER, Presiding Judge.

{¶1} Defendant-Appellant Ezekiel J. Boyd, Jr., appeals the judgment entry of the Summit County Court of Common Pleas, Domestic Relations Division. We affirm.

I.

{¶2} Boyd and Plaintiff-Appellee Ynez Young are the biological parents of A.B. Pursuant to a Summit County Child Support Enforcement Agency (CSEA) administrative child support order issued in May 2010, Boyd was designated the child support obligor and Young was designated the child support obligee.

{¶3} In August 2024, CSEA conducted an administrative review of the administrative child support order. Following the review, CSEA issued an Administrative Adjustment Hearing Decision recommending Boyd's child support obligation and cash medical support obligation be increased. Boyd filed a timely objection to the administrative support order in the Summit County Court of Common Pleas, Domestic Relations Division. Boyd's objection to the administrative

support order came for hearing before a magistrate. The magistrate filed a Magistrate's Decision that trial court adopted in the same filing.

{¶4} Boyd filed a timely objection to the Magistrate's Decision. Neither Young nor Appellee State of Ohio filed a response to Boyd's objection.

{¶5} Before the trial court ruled on Boyd's objection, it issued an "Order to File a Praecipe and Pay Associated Costs on Objection[.]" The order noted that although Boyd had timely filed the objection, he had not ordered or filed a transcript. The trial court granted Boyd leave to order the transcript within fourteen days of the order. In the alternative, the trial court ordered Boyd to file a supplement to his objection "clearly setting forth the basis that the Objection is based in law and not on the facts of the case, which would necessitate a transcript to be prepared." The trial court included a warning that failure to either file a praecipe and pay any associated costs or to file the supplement within fourteen days of the order would result in Boyd's objection being overruled.

{¶6} Boyd thereafter filed a "Motion to Use Public Funds for Order of Pra[e]cipe Transcript," asserting he was unable to afford the deposit for the transcript and requesting the trial court "allow public funds to pay for [the] transcript . . .." Boyd also filed a Motion to Proceed in Forma Pauperis, wherein he asserted he was indigent and requested the trial court waive the pre-payment of costs or fees. The magistrate denied the Motion to Proceed in Forma Pauperis. Boyd did not file a motion to set aside the magistrate's order.

{¶7} On January 3, 2025, the trial court issued a Judgment Entry ruling on Boyd's objection to the Magistrate's Decision and his "Motion to Use Public Funds for Order of Pra[e]cipe Transcript." First, the trial court denied Boyd's motion on the basis that "there is no financial waiver or assistance available for ordering transcripts." Next, the trial court stated that because

Boyd did not file a transcript, the trial court "must accept the Magistrate's findings of fact as true and therefore determines the Magistrate's Decision is supported by the record." The trial court overruled his objections on that basis alone.

{¶8} Boyd filed this timely appeal raising two assignments of error. Because the appendix attached to Boyd's brief did not comply with Ninth Dist.Loc.R. 16, this Court struck the non-complying appendix attachments. Boyd thereafter filed a "Motion for Judicial Notice of Title IV-D Contract JFS 07018" requesting this Court take judicial notice of an Ohio Department of Job and Family Services IV-D Contract purportedly executed between CSEA and the Summit County Court of Common Pleas, Domestic Relations Division. Neither Young nor the State of Ohio responded to Boyd's motion. Because the motion for judicial notice is relevant to the arguments in his second assignment error, we will address it in our analysis of that assignment of error below.

II.

**ASSIGNMENT OF ERROR ONE**

PURSUANT TO I THE APPELLANT[']S INALIENABLE 14TH AMENDMENT CONSTITUTIONAL RIGHTS OF DUE PROCESS[,] I HAVE A CLEAR LEGAL RIGHT TO THE JUDICIARY PROCESS AND BEING DENIED ACCESS TO THAT JUDICIAL PROCESS BECAUSE OF LOCAL RULES OF THE COURT $250 TRANSCRIPT IS A VIOLATION OF I THE APPELLANT[']S 14TH AMENDMENT DUE PROCESS RIGHTS. (SEE RANDALL D. CARVER V. BOBBY BUNCH AND BETTY BUNCH 946 F.2D 451, 1991 U.S)[.]

{¶9} In his first assignment of error, Boyd appears to assert that the trial court denied him due process when it denied his "Motion to Use Public Funds for Order of [Praecipe] Transcript" and his Motion to Proceed in Forma Pauperis. We disagree.

{¶10} After Boyd filed his objection to the Magistrate's Decision, the trial court issued an Order to File a Praecipe and Pay Associated Costs on Objection. The order noted that Boyd had filed an objection to the magistrate's decision and that pursuant to Civ.R. 53(D)(3)(b)(iii), any

objection to a magistrate's finding of fact must be supported by a transcript. The trial court's order also advised that pursuant to the local rules of the Summit County Domestic Relations Court, if a transcript is required, the movant objecting to a magistrate's decision must deliver a praecipe to the court reporter, file the praecipe with the Clerk of Courts, and pay any associated costs within fourteen days of the filing of the objection and praecipe. The trial court determined that Boyd was not in compliance with the local rules but granted him leave to comply within fourteen days of the order. The trial court included a warning that failure either to file a praecipe and pay any associated costs to secure the transcript or to file a supplement indicating his objections were based in law only within fourteen days of the order would result in Boyd's objection being overruled.

{¶11} Pursuant to Civ.R. 53(D)(3)(b)(iii), if a party objects to a factual finding in a magistrate's decision, the party must support that objection with "a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Additionally, "[w]ith leave of court, alternative technology or manner of reviewing the relevant evidence may be considered." *Id.* "Civ.R. 53(D)(3)(b)(iii) places the burden for providing the transcript of proceedings or an appropriate substitute on the party objecting to the magistrate's factual determinations." *Waterford Pointe Condominium Assoc. v. Reserve Domiciles, Ltd.*, 2019-Ohio-691, ¶ 14 (9th Dist.).

{¶12} To the extent Boyd appeals the magistrate's denial of his Motion to Proceed in Forma Pauperis, we do not reach the merits of his arguments because he has forfeited this issue for appellate review and has not raised a plain error argument on appeal. Boyd failed to timely file a motion to set aside the magistrate's order denying his motion. *See* Civ.R. 53(D)(2)(b). "Failure to avail himself of that application for relief when it was available forfeits [Boyd's] right to argue on appeal" the magistrate's denial of his Motion to Proceed in Forma Pauperis. *Hayne v.*

*Hayne*, 2008-Ohio-4296, ¶ 36 (9th Dist.), quoting *State v. Craft*, 2008-Ohio-2717, ¶ 25 (2d Dist.). "While an appellant who forfeits an issue for appellate review may still argue plain error on appeal, 'this [C]ourt will not sua sponte undertake a plain-error analysis if a[n appellant] fails to do so.'" (Alterations in original.) *In re J.A.*, 2016-Ohio-871, ¶ 5 (9th Dist.), quoting *State v. Cross*, 2011-Ohio-3250, ¶ 41 (9th Dist.).

{¶13} In his "Motion to Use Public Funds for Order of Pra[e]cipe Transcript[,]" Boyd asserted he was unable to afford the deposit for the transcript and requested the trial court "allow public funds to pay for [the] transcript." The trial court denied Boyd's motion to use public funds on the basis that "there is no financial waiver or assistance available for ordering transcripts."

{¶14} On appeal, Boyd contends the trial court erred and denied him due process when it denied his motion for the transcript to be prepared at the public's expense. However, "due process does not necessarily require that indigent *civil* litigants be provided trial transcripts at the State's expense." (Emphasis in original.) *Stewart v. Hickory Hills Apts.*, 2015-Ohio-5046, ¶ 8 (9th Dist.); *compare Griffin v. Illinois*, 351 U.S. 12 (1956); *State, ex rel. Seigler v. Rone*, 42 Ohio St.2d 361 (1975) (when a state grants a person convicted of a crime a direct appeal as of right, due process and equal protection require the state provide the trial transcript to the appellate court when the transcript is needed for a full and effective defense on appeal and the defendant is indigent); *see also M.L.B. v. S.L.J.*, 519 U.S. 102, 116 (1996) (the United States Supreme Court "has not extended *Griffin* to the broad array of civil cases" but instead looks to the nature of the right being litigated); *Hom v. Brennan*, 840 F.Supp.2d 576, 583 (E.D.N.Y. 2011) ("While the *Griffin* principle has not been confined to cases in which imprisonment is at stake, it has been limited to cases that are quasi criminal in nature . . . or a small subset of civil cases where a fundamental interest is at stake . . . ."). The Supreme Court of the United States has made clear "that a constitutional requirement to

waive fees in civil cases is the exception, not the general rule[.]" *M.L.B.* at 103, citing *United States v. Kras*, 409 U.S. 434, 445 (1973); *Ortwein v. Schwab*, 410 U.S. 656, 661 (1973) (per curiam).

{¶15} Boyd has not directed this Court to any authority suggesting the trial court was required to order a transcript prepared at the public expense under the circumstances present in this case. *See* App.R. 16(A)(7) (requiring an appellant support his contentions with citations to authorities on which appellant relies).

{¶16} Therefore, we conclude that Boyd has not demonstrated that the trial court erred by denying his "Motion to Use Public Funds for Order of Pra[e]cipe Transcript[.]" Boyd's first assignment of error is overruled.

**ASSIGNMENT OF ERROR TWO**

[THE TRIAL COURT ERRED] IN NOT ACKNOWLEDGING CONSTITUTIONAL VIOLATIONS RAISED BY THE APPELLANT.

{¶17} In his second assignment of error, Boyd argues that the judgment entry is void because the Summit County Domestic Relations Court executed a Title IV-D contract with the Ohio Department of Jobs and Family services "to receive Funds and work for/on behalf of the CSEA/executive brand of Ohio for a benefit" thereby creating a conflict of interest and denying him due process. We disagree.

{¶18} Generally, "[a] party may seek to disqualify a judge who is allegedly prejudiced and biased by filing an affidavit of disqualification with the Ohio Supreme Court in accordance with R.C. 2701.03." *King v. Divoky*, 2021-Ohio-1712, ¶ 44 (9th Dist.). "With regard to this type of judicial bias claim, the Ohio Supreme Court has held that the Ohio Constitution, Article IV, Section 5(C) 'vests exclusive authority to pass on disqualification matters in the chief justice or her designee.'" *Id.*, quoting *State v. Osie*, 2014-Ohio-2966, ¶ 62. Consequently, "an appellate

court lacks the 'authority to pass upon disqualification or to void the judgment of the trial court upon that basis.'" *King* at ¶ 44, quoting *Beer v. Griffith*, 54 Ohio St.2d 440, 441-442 (1978).

{¶19} However, appellate courts maintain "jurisdiction to review a claim of judicial bias that is alleged to result in a violation of a [party's] due process rights." *King* at ¶ 45, citing *State v. Loudermilk*, 2017-Ohio-7378, ¶ 20 (1st Dist.). "'A fair trial in a fair tribunal is a basic requirement of due process[ ]' and the due process right of an impartial and disinterested tribunal applies to civil and criminal cases alike." *King* at ¶ 45, quoting *In re Murchinson*, 349 U.S. 133, 136 (1955); *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242 (1980).

{¶20} On appeal, Boyd couches his judicial bias claim in the context of a due process violation, asserting the Summit County Domestic Relations Court lost jurisdiction to preside over this matter and violated his due process rights by executing a IV-D contract with CSEA. As background, we note that pursuant to statute, the child support enforcement agency in each county is required to enter into written agreements with the court of the county it serves which "establish cooperative working arrangements and specify areas of responsibility for the enforcement of support among the agency, courts, and officials." R.C. 3125.14. Each child support enforcement agency may also elect to enter into an agreement with a court in the same county as the CSEA to provide magistrate services. Adm.Code 5101:12-1-80.4. Relevant here, the agreements *must* "provide for the reimbursement of the courts . . . for the responsibilities they assume and actions they undertake pursuant to such agreements." R.C. 3125.14.

{¶21} Boyd asserts that "[a]ccepting or benefiting from such funding while presiding over cases where financial incentives are tied to case creates both a conflict of interest and an ethical violation of their judicial oath." However, Boyd does not explain the nexus between the mere execution of a IV-D agreement between the Summit County Domestic Relations Court and the

CSEA and his due process claim. Boyd also does not dispute that the magistrate and the trial court fully complied with the statutory requirements in R.C. Chapter 3119 in considering his objection or the appropriate amount of his child support obligation.

**{¶22}** App.R. 16(A)(7) requires an appellant's brief to include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." "As this Court has stated, 'merely setting forth conclusory statements' does not satisfy an appellant's burden on appeal." *Pietrangelo v. Lorain Cty. Printing & Publishing Co.*, 2017-Ohio-8783, ¶ 23 (9th Dist.), quoting *In re B.P.*, 2015-Ohio-48, ¶ 10 (9th Dist.). "If an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out." *Cardone v. Cardone*, 1998 WL 224934, *8 (9th Dist. May 6, 1998).

**{¶23}** Boyd also does not support his claim of judicial bias by pointing to anywhere in the record where he claims the trial court displayed "a hostile feeling or spirit of ill will" toward him or "the formation of a fixed anticipatory judgment" against him. *See State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463 (1953), paragraph four of the syllabus; App.R. 16(A)(3). "App.R. 16(A)(3) requires [Boyd] to cite to the place in the record where each error is reflected. It is not our duty to search the record for evidence to support [his] argument." *Horner v. Tarleton*, 2023-Ohio-1785, ¶ 24 (9th Dist.).

**{¶24}** Boyd has failed to meet his burden of demonstrating error. Therefore, Boyd's second assignment of error is overruled.

**{¶25}** Additionally, because our resolution of this assignment of error renders Boyd's "Motion for Judicial Notice of Title IV-D Contract JFS 07018" moot, it is hereby denied.

III.

{¶26} Boyd's assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas, Domestic Relations Division is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JILL FLAGG LANZINGER
FOR THE COURT

STEVENSON, J.
CONCURS.

SUTTON, J.
<u>CONCURS IN JUDGMENT ONLY.</u>


<u>APPEARANCES:</u>

EZEKIAL J. BOYD, JR., pro se, Appellant.

JEFFERY V. HAWKINS, Attorney at Law, for Appellee.

ELLIOT KOLKOVICH, Prosecuting Attorney, and ERIK M. RINE, Assistant Prosecuting Attorney, for Appellee.