**[Cite as *Waldron v. Keshishian*, 2026-Ohio-2235.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

LUCINDA WALDRON

    Appellee

    v.

MICHAEL KESHISHIAN

    Defendant

    and

JESSICA CAMARGO, ESQ.

    Appellant

C.A. No.    25CA012348

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    24 JS 69342

DECISION AND JOURNAL ENTRY

Dated: June 15, 2026

HENSAL, Judge.

**{¶1}** Attorney Jessica Camargo appeals an order of the Lorain County Court of Common Pleas, Juvenile Division. This Court affirms.

I.

**{¶2}** On August 8, 2024, Lucinda Waldron ("Mother") objected to an administrative child support order by filing an action in the court of common pleas. A magistrate set the matter for a pretrial hearing by videoconference on February 10, 2025, and ordered the parties to complete discovery by December 31, 2024. On behalf of Michael Keshishian ("Father"), Attorney Camargo filed a notice on January 14, 2025, that she had submitted discovery responses. At the February 10, 2025, hearing, however, counsel for Mother informed the magistrate that no discovery had

been received from Father. The magistrate set another deadline for providing discovery, scheduled the matter for a hearing on March 3, 2025, and cautioned counsel that failure to comply with the new discovery deadline could result in sanctions.

{¶3} On the date of the hearing, Attorney Camargo requested a continuance because she had "just been in an automobile accident." Counsel for Father also requested a continuance after receiving numerous documents over the weekend from Attorney Camargo that had not been provided in discovery. The trial court continued the hearing but ordered Attorney Camargo to provide documentation verifying her automobile accident. The magistrate also scheduled a hearing to consider sanctions. Attorney Camargo failed to file documentation regarding the accident by the deadline set by the magistrate and moved to withdraw as counsel, which the magistrate permitted.

{¶4} On May 12, 2025, the magistrate entered an order sanctioning Attorney Camargo for discovery violations after she failed to make appropriate arrangements to participate in the sanctions hearing by videoconference. Over a month later, on June 18, 2025, Attorney Camargo filed a motion captioned five different ways: "motion to set aside, instanter"; "motion for leave of court to file motion to set aside"; "motion for leave of court to supplement the motion to set aside upon receipt of the transcript"; "motion for transcript"; and "notice of hearing." On June 30, 2025, to the extent that her motion requested leave to file a motion to set aside the magistrate's decisions, the magistrate denied the motion because the magistrate's decisions at issue were entered thirty-seven and ninety-nine days before her motion was filed, respectively. Having reached that conclusion, the magistrate concluded that Attorney Camargo's requests for leave to file instanter and to supplement with a transcript were moot.

{¶5}    On July 11, 2025, Mother withdrew her objection to the administrative decision but asked the trial court to keep the case open in order to enforce the discovery sanction against Attorney Camargo. The trial court adopted the administrative order on July 21, 2025, but granted Mother's motion to keep the matter active to permit enforcement of the sanctions order. On July 28, 2025, Attorney Camargo filed another motion that bore five captions: "objection to magistrate's decision of July 21, 2025, and June 30, 2025"; "motion for transcripts"; "motion for leave of court to supplement objections upon receipt of transcripts and to request findings of fact and conclusions of law"; "motion for hearing and oral argument on all pending motions and objections before judge"; and "motions for facts of finding [*sic*] and conclusions of law."

{¶6}    On September 23, 2005, the trial court ruled on Attorney Camargo's combined motions. With respect to the June 30, 2025, entry, the trial court noted that it was a magistrate's order rather than a magistrate's decision, concluded that the motion was untimely, and noted that a motion for findings of fact and conclusions of law would be moot. With respect to the July 21, 2025, entry, the trial court noted that it was a judgment entry not a magistrate's decision or order. The trial court concluded that the discovery sanctions were a collateral issue that survived the withdrawal of Mother's objection and denied Attorney Camargo's motion in all other respects. The trial court then turned to the June 18, 2025, motion to the extent that it asked the court to vacate earlier orders and denied that motion. Attorney Camargo appealed, assigning five errors.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING SANCTIONS AGAINST COUNSEL PERSONALLY WITHOUT THE REQUIRED FINDINGS.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS.

**ASSIGNMENT OF ERROR III**

THE ATTORNEY'S FEES AWARDED WERE NOT CAUSED BY ANY DISCOVERY VIOLATION.

**ASSIGNMENT OF ERROR IV**

THE TRIAL COURT RELIED ON UNSWORN TESTIMONY AND AN INCOMPLETE RECORD, PRECLUDING MEANINGFUL APPELLATE REVIEW.

{¶7} Attorney Camargo's first four assignments of error each challenge the magistrate's May 12, 2025, order that imposed a discovery sanction against her. Under Rule 53(D)(2)(a)(1), a magistrate's order can "be entered without judicial approval to regulate proceedings when not dispositive of a claim or defense." *Green v. HOC Transport*, 2023-Ohio-2867, ¶ 13 (9th Dist.). A magistrate's order does not require action by the trial court, and an individual who disagrees with a magistrate's order "must file a motion with the trial court to set the order aside that explains the . . . reasons for disagreement with particularly." *Id*., citing Civ.R. 53(D)(2)(b). A motion to set aside a magistrate's order must be filed within ten days. Civ.R. 53(D)(2)(b). When a timely motion to set aside is not filed, all but plain error is forfeited for purposes of appeal. *Young v. Boyd*, 2025-Ohio-4450, ¶ 12 (9th Dist.); *In re L.B.S.*, 2019-Ohio-3312, ¶ 53 (9th Dist.). When an appellant does not argue plain error, however, this Court will not undertake that analysis sua sponte. *Young* at ¶ 12. Attorney Camargo did not file a timely motion to set aside the May 12, 2025, magistrate's order. Consequently, the arguments made in each of her first four assignments of error are forfeited. *See id*. She has not provided this Court with a plain-error argument, and this Court declines to construct one on her behalf. *Lowder v. Kantak*, 2018-Ohio-3470, ¶ 12 (9th Dist.). Attorney Camargo's first four assignments of error are overruled on that basis.

**ASSIGNMENT OF ERROR V**

THE CUMULATIVE EFFECT OF THE ERRORS REQUIRES REVERSAL.

{¶8}   Attorney Camargo's fifth assignment of error argues that this Court should reverse in light of cumulative errors by the trial court.  The cumulative-error doctrine, however, "is not typically employed in civil cases."  *McMichael v. Akron Gen. Med. Ctr.*, 2017-Ohio-7594, ¶ 90 (9th Dist.), quoting *J.P. v. T.H.*, 2016-Ohio-243, ¶ 35 (9th Dist.).  Even if this Court was to apply a cumulative-error analysis in this context, the cumulative-error doctrine does not apply unless multiple errors are present.  *See State v. Hunter*, 2011-Ohio-6524, ¶ 132.   Attorney Camargo's fifth assignment of error is overruled.

III.

{¶9}   Attorney Camargo's assignments of error are overruled.  The judgment of the Lorain County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

FLAGG LANZINGER, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

JESSICA A. L. CAMARGO, Attorney at Law, pro se, for Appellant.

SCOTT SYLKATIS, Attorney at Law, for Appellee.